*E-FILED - 8/2/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY A. MONTES (a.k.a. RAYMOND MONTEZELLO), <br><br> Plaintiff, <br><br> vs. <br><br> CORRECTIONAL OFFICER P. RAFALOWSKI, et al., <br><br> Defendants. | No. C 09-0976 RMW (PR) <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against defendants on March 06, 2009. Defendants filed their motion for summary judgment on September 11, 2009, arguing that there is no genuine issue of material fact and that they are entitled to the judgment as a matter of law. Plaintiff filed an opposition on September 24, 2009. Having carefully considered the papers submitted, defendants' motion for summary judgment is GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiff was formerly a prisoner at Pelican Bay State Prison ("PBSP"). In his complaint, plaintiff alleges that while incarcerated at PBSP, Correctional Officer Rafalowski used excessive and unnecessary force against him. (Compl. at 4.) Additionally, plaintiff alleges that by failing to take action, Correctional Officers Clemons and Ramey were deliberately indifferent to his safety. (Id. at 6.)

Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment; Referring Case to Pro Se Prisoner Settlement Program
P:\PRO-SE\SJ.Rmw\CR.09\Montes976mfsj.wpd

On May 26, 2008, at approximately 2:00 p.m., an altercation occurred between Correctional Officer Rafalowski and plaintiff in the second tier shower stall.  Plaintiff alleges that the incident began when Officer Rafalowski made a sexually derogatory gesture with his mouth while plaintiff showered.[1]  (Compl. at 4.)  Plaintiff felt "angry and humiliated" as a result and in the process of being escorted from the shower room back to his cell and while handcuffed, plaintiff attempted to kick Officer Rafalowski in the right leg.[2]  (Id.)  In response, Officer Rafalowski used force to take plaintiff to the ground.  (Decl. Rafalowski at 2.)  The parties dispute the amount of force used by Officer Rafalowski during the incident.

According to plaintiff, after attempting to kick Officer Rafalowski, Officer Rafalowski threw plaintiff against the second tier rail and continuously punched him on the right side of his face.  (Compl. at 5.)  After being taken to the ground and while handcuffed, Officer Rafalowski continued punching plaintiff in the face and "slammed" plaintiff's head several times against the ground.  (Id.)  Plaintiff asserts that, "at no time, other than the attempted kick," did he resist prison officials.  (Id.)

According to defendants, Officer Rafalowski used minimal force to restrain plaintiff.  Officer Rafalowski states that in response to plaintiff's attack he "was able to reach around [plaintiff's] chest with [his] left arm, and [plaintiff's] back with [his] right arm," and then used "physical force and [his] body weight to take [plaintiff] to the ground."  (Decl. Rafalowski at 2.)  Officer Rafalowski asserts that plaintiff continuously "kick[ed] and flail[ed] his body around in an erratic manner," despite his orders to stop resisting.  (Id.)  Officer Rafalowski placed his knee on plaintiff's left shoulder and held his head down on the ground attempting to subdue him.  (Id. at 2-3.)  Officer Clemons intervened to assist and eventually an unidentified officer placed leg restraints on plaintiff's ankles.  (Id. at 3.)

---

[1] Officer Rafalowski denies making any such gesture.  (Decl. Rafalowski at 4.)

[2] Officer Rafalowski asserts that Plaintiff kicked him twice, once above and once below his right knee (Decl. Rafalowski at 2.).  Plaintiff claims he only kicked once and missed.  (Compl. at 4.)

Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment; Referring Case to Pro Se Prisoner Settlement Program
P:\PRO-SE\SJ.Rmw\CR.09\Montes976mfsj.wpd        2

1   Following the incident plaintiff was treated by prison medical staff who noted a one inch
2   laceration and an abrasion over his right eye, and that plaintiff had defecated. (Decl. Pl., Ex. A.)
3   No other injuries were documented. (Id.)

**ANALYSIS**

I.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Liberty Lobby, Inc., 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

1    At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999).

II.   Legal Claims and Analysis

   A.   Correctional Officer Rafalowski

Plaintiff alleges that Officer Rafalowski used excessive force against him, in violation of his Eighth Amendment right against cruel and unusual punishment. (Compl. at 4.) Officer Rafalowski argues that he is entitled to summary judgment because on the undisputed facts he did not violate plaintiff's constitutional rights, and alternatively, he is entitled to qualified immunity. (Defs.' Mot. Summ. J. at 8-14.)

The arbitrary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. Id. at 6-7. In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7. In reviewing these factors, courts must accord prison administrators wide-ranging deference in the adoption and execution of polices and practices to further institutional order and security. Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

Taking the evidence in the complaint as true, and drawing all inferences therefrom in plaintiff's favor, there is a genuine issue of material fact as to whether Officer Rafalowski's use of force was excessive. According to plaintiff, "after a brief period of being swayed and

continuously punched," Officer Rafalowski "slammed" plaintiff against a cell door and then "intermittently slamm[ed] his head against the pavement." (Compl. at 5.) Plaintiff was handcuffed and after the initial kick, did not physically resist "since it would only make matters worse." (Id.) Accepting this account as true, an inference could certainly be drawn that even if plaintiff was the initial aggressor and needed to be restrained, Officer Rafalowski could have done so without continuously punching plaintiff or slamming his head into the ground after plaintiff was on the ground and handcuffed.

Defendants argue that the extent of plaintiff's injuries reflect the minimal amount of force used to subdue him. (Defs.' Mot. Summ. J. at 9.) While prison medical staff noted that plaintiff had received only a small laceration and an abrasion above his right eye, plaintiff contends he suffered undocumented injuries including other "cuts to his face," "swelling," and an "abrasion" on his right arm. (Pl's Opp'n at 4.) While the extent of the injury may indicate the amount of force applied, a significant injury is not a threshold for stating an excessive force claim. Hudson, 503 U.S. at 7. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010) (per curiam). Therefore, taken as true, plaintiff's allegations demonstrate a genuine issue of material fact with regards to whether Officer Rafalowski used excessive force for the purpose of causing plaintiff harm.

Having concluded that genuine issues of material fact exist as to whether Officer Rafalowski used excessive force against plaintiff in violation of the Eighth Amendment, the court next addresses whether he is entitled to qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. See Pearson v. Callahan, 129 S. Ct. 808, 818 (2009). Regarding the first prong,

the threshold question must be: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? Saucier v. Katz, 533 U.S. 194, 201 (2001). The inquiry of whether a constitutional right was clearly established must be undertaken in light of the specific context of the case, not as a broad general proposition. Id. at 202. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Id.

The court finds granting summary judgment on the ground of qualified immunity is improper in this case. A dispute of fact exists as to whether plaintiff resisted Officer Rafalowski and whether Officer Rafalowski continuously punched plaintiff and slammed his head into the ground without resistance from plaintiff. Resolving all factual disputes in favor of plaintiff, the court concludes Officer Rafalowski violated plaintiff's clearly established right to be free from excessive force. See Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003) ("the law regarding a prison guard's use of excessive force was clearly established by 1994"). Granting summary judgment on the ground of qualified immunity is "improper if, under the plaintiff's version of the facts, and in light of the clearly established law, a reasonable officer could not have believed his conduct was lawful." Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000). Here, based on plaintiff's version of the facts, no reasonable officer could believe that continuously punching, and slamming an inmate's head against a concrete floor while he lay prone on the ground was permitted under the Eighth Amendment.

In sum, accepting plaintiff's allegations as true, there is a genuine issue of fact as to whether Officer Rafalowski violated plaintiff's constitutional rights. Accordingly, Officer Rafalowski is not entitled to summary judgment.

B.   Correctional Officer Clemons

Plaintiff claims that Officer Clemons failed to intervene and prevent Officer Rafalowski's use of excessive force. (Compl. at 6.) Defendants contend that because Officer Rafalowski used minimal force, Officer Clemons had no duty to intervene and in the alternative that Officer Clemons is entitled to qualified immunity. (Defs.' Mot. Summ. J. at 8-14.)

The Eighth Amendment requires that prison officials intervene on behalf of a prisoner if he has knowledge that other officers are violating the prisoner's constitutional rights. See Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). In the context of police officers, this duty extends only to an officer that is aware of a specific risk of harm to the plaintiff and if he has a reasonable opportunity to intervene. Ting v. United States, 927 F.2d 1504 (9th Cir. 1991). The Ninth Circuit has clarified that the opportunity to intervene is also necessary in the context of prison guards. See Robins, 60 F.3d at 1442. Thus, to prevail on a motion for summary judgment, the moving party carries the burden of demonstrating that the officer had no reasonable opportunity to intervene. Id. (denying motion for summary judgment because "officers failed to carry their burden" of showing that they could not have prevented use of excessive force).

Here, all parties agree that Officer Clemons assisted in escorting plaintiff from the showers back to his cell and was present immediately before and after plaintiff's initial attack. (Compl. at 6; Decl. Clemons at 2.) Plaintiff alleges that Officer Clemons "observed Rafalowski's use of excessive force." (Compl. at 6.) The evidence, taken in the light most favorable to plaintiff, indicates that Officer Clemons was with Officer Rafalowski as he allegedly punched and slammed plaintiff's head into the ground. Moreover, defendants do not allege that Officer Clemons lacked the opportunity to intervene. Because Officer Clemons has failed to carry his burden of showing that he could not have prevented Officer Rafalowski's conduct, plaintiff's allegations, taken as true, demonstrate a genuine issue of material fact as to whether Officer Clemons had an opportunity to intervene and failed to do so. Robins, 60 F.3d at 1442.

Having concluded that a genuine issue of material fact exists as to whether Officer Clemons failed to intervene, the court next addresses whether he is entitled to qualified immunity. It is clearly established that prison guards have a duty to stop constitutional violations at the hands of other guards. Id. at 1442. Here, resolving all factual disputes in favor of plaintiff, the court concludes that a reasonable officer would know that failing to intervene while another officer continuously punched and slammed plaintiff's head against a concrete floor

was clearly unlawful. Accordingly, Officer Clemons is not entitled to qualified immunity.

In sum, accepting plaintiff's allegations as true and drawing all inferences therefrom in his favor, there is a genuine issue of material fact as to whether Officer Clemons violated plaintiff's clearly established constitutional rights. Therefore, Officer Clemons is not entitled to summary judgment either on the grounds of qualified immunity or on the grounds that he did not violate plaintiff's constitutional rights.

C. Correctional Officer Ramey

Plaintiff claims Officer Ramey acted with deliberate indifference to his safety by failing to record the incident in question with the unit camcorder. (Compl. at 7.) At the time of the altercation Officer Ramey was stationed in the control booth, an enclosed area above the unit. (Decl. Rafalowski at 3.) Defendants do not dispute that a camcorder was readily available.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). "A person deprives another 'of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which [] the plaintiff complains []'". Id. at 633 (internal citations omitted).

Plaintiff's allegations, taken as true, fail to demonstrate a violation of his federally protected rights. Plaintiff does not allege Officer Ramey failed to take action to stop the altercation only that it was unreasonable for him not to record the incident. However, plaintiff offers no evidence that Officer Ramey was under an obligation to record the event or that PBSP has a policy of recording similar altercations. Because plaintiff has not alleged any facts, even if true, that indicate Officer Ramey proximately caused his injuries or failed to take an action which he was legally required to, summary judgment with respect to Officer Ramey is granted.[3]

---

[3] Defendants also contend that Officer Ramey is protected by the doctrine of qualified immunity. Because the court finds that he is entitled to judgment as a matter of law on other grounds, the court need not reach the question of qualified immunity.

III.     Referral to Pro Se Prisoner Settlement Program

Prior to setting this matter for trial and appointing pro bono counsel to represent plaintiff for that purpose, the court finds good cause to refer this matter to Judge Vadas pursuant to the Pro Se Prisoner Settlement Program for settlement proceedings on the claims set forth above. The proceedings will consist of one or more conferences as determined by Judge Vadas. The conferences shall be conducted with defendants Officer Rafalowski and Officer Clemons, or their representatives, attending by videoconferencing if they so choose. If these settlement proceedings do not resolve this matter, the court will then set this matter for trial and consider a motion from plaintiff for appointment of counsel.

## CONCLUSION

1.     Defendants' motion for summary judgment is GRANTED in part and DENIED in part. The motion is granted as to all claims against defendant Officer Ramey. The motion is denied as to all claims against defendants Officer Rafalowski and Officer Clemons. Plaintiff has set forth a genuine triable issue as to whether defendant Officer Rafalowski's use of force was excessive and whether defendant Officer Clemons was deliberately indifferent to plaintiff's safety by failing to intervene.

2.     The instant case is REFERRED to Judge Vadas pursuant to the Pro Se Prisoner Settlement Program for settlement proceedings on the remaining claims in this action, as described above. The proceedings shall take place within **ninety (90) days** of the filing date of this order. Judge Vadas shall coordinate a time and date for a settlement conference with all interested parties or their representatives and, within **ten (10) days** after the conclusion of the settlement proceedings, file with the court a report regarding the prisoner settlement proceedings. If these settlement proceedings to do not resolve this matter, plaintiff can file a renewed motion for appointment of counsel and the court will then set this matter for trial.

3.     The clerk of the court shall mail a copy of the court file, including a copy of this order, to Judge Vadas in Eureka, California.

4.     The instant case is STAYED pending the settlement conference proceedings.

1  IT IS SO ORDERED.

2  DATED: 7/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment; Referring Case to Pro Se Prisoner Settlement Program
P:\PRO-SE\SJ.Rmw\CR.09\Montes976mfsj.wpd        10