**E-FILED on**   5/4/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROY A. MONTES (a.k.a. RAYMOND MONTEZELLO),<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICERS P. RAFALOWSKI and J. CLEMONS,<br><br>Defendants. | No. C-09-00976 RMW<br><br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br><br>**[Re Docket No. 64]** |

Defendants P. Rafalowski and J. Clemons move for summary judgment on plaintiff's state law claims. Plaintiff opposes the motion. On May 4, 2012, the court held a hearing to consider defendants' motion. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Plaintiff Roy Montes is a California state prison inmate. On May 26, 2008, plaintiff was being escorted from the shower back to his cell at Pelican Bay State Prison. While being escorted, plaintiff attempted to kick defendant Rafalowski, a correctional officer at the prison, and Officer Rafalowski allegedly responded with excessive force. According to plaintiff, Officer Rafalowski swayed him violently from side to side and slammed him against the rail. Officer Rafalowski then

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—No. C-09-00976 RMW
LJP

1  allegedly used force to bring plaintiff to the ground, punched him in the face several times, and
2  slammed his head against the concrete floor.  Defendant Clemons, another correctional officer, was
3  also involved in restraining plaintiff on the ground.  Officer Clemons later acknowledged that he had
4  to use force to hold plaintiff in place because plaintiff was allegedly moving about and resisting.
5  Dkt. No. 67, Exh. B at 176:11-19; *id.*, Exh. D.

6  Plaintiff filed a claim with the California Victim Compensation and Government Claims
7  Board ("Claims Board") on August 15, 2008.  The Claims Board issued a final rejection letter on
8  October 31, 2008.  Thereafter, on March 6, 2009, plaintiff filed a *pro se* complaint in this court
9  alleging violation of his civil rights under 42 U.S.C. § 1983.  After granting in part and denying in
10 part defendants' initial motion for summary judgment, the court appointed counsel for plaintiff.
11 Plaintiff, now represented, filed an amended complaint by the parties' agreed deadline of August 22,
12 2011.  In plaintiff's first amended complaint, he asserts three new tort claims under state law –
13 assault, battery, and intentional infliction of emotional distress – in addition to the original § 1983
14 claim.  Defendants now move for summary judgment on the newly-asserted claims.

## II.  ANALYSIS

16 Defendants first argue that the state law tort claims against both of them should be dismissed
17 because the claims are untimely under California's Tort Claims Act, Cal. Gov. Code § 900 *et seq.*,
18 and because plaintiff failed to allege compliance with the Tort Claims Act's requirements.  In the
19 alternative, defendants argue that summary judgment should be granted on the tort claims against
20 Officer Clemons because there is no evidence to support his liability.

### A.  Timeliness of Plaintiff's Tort Claims

22 Under the Tort Claims Act, "any suit brought against a public entity on a cause of action for
23 which a claim is required to be presented [to the Claims Board] must be commenced: (1) If written
24 notice is given [of the claim rejection], not later than six months after the date such notice is
25 personally delivered or deposited in the mail." Cal. Gov. Code §§ 945.6(a), 950.6(b).  Claims which
26 must be presented include "all claims for money or damages against the state . . . for an injury for
27 which the state is liable." Cal. Gov. Code § 905.2(b)(3).  Here, plaintiff initiated suit within the six
28 month period but did not amend his complaint to assert tort claims until much later.

1    Plaintiff argues that his claims are timely because the statute only requires that the "suit" be
2 filed within six months and his new claims relate back to the date of the original complaint. This
3 court applies state law relation back principles to § 1983 actions. *Merritt v. County of Los Angeles*,
4 875 F.2d 765, 768 & n.5 (9th Cir. 1989). Under California law, "[t]he statute of limitations does not
5 bar an amended complaint alleging new causes of action if it rests on the same facts as the original
6 complaint and refers to the same accident and same injuries as the original complaint." *Goldman v.*
7 *Wilsey Foods, Inc.*, 216 Cal. App. 3d 1085, (1989); *see Norgart v. Upjohn Co.*, 21 Cal.4th 383, 408-
8 09 (1999) ("The relation-back doctrine requires that the amended complaint must (1) rest on the
9 same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as
10 the original one."). Courts in this district have applied the relation back doctrine to allow state law
11 claims asserted after the six month period prescribed in the Tort Claims Act when the new claims
12 arise out of the same allegations as the original complaint. *See Jaffe v. County of Santa Clara*, 2008
13 U.S. Dist. LEXIS 120561 at *13-15 (N.D. Cal. 2008); *Crump v. City of San Francisco*, 2007 U.S.
14 Dist. LEXIS 31302 at *19-20 & n.20 (N.D. Cal. 2007); *Palomino v. Stanton*, 1998 U.S. Dist. LEXIS
15 5656 at *6-7 (N.D. Cal. 1998). Here, plaintiff's state law claims clearly arise out of the same facts
16 and injury that are alleged in his initial complaint.

17    Defendants argue that the statute of limitations in the Tort Claims Act must be strictly
18 applied, citing cases that bar substitution of government entities for Doe defendants. *See Chase v.*
19 *State of California*, 67 Cal. App. 3d 808, 812-13 (1977); *Atchison, Topeka & Santa Fe Ry. Co. v.*
20 *Stockton Port Dist.*, 140 Cal. App. 3d 111, 115-16 (1983). However, substituting a defendant is
21 distinguishable from adding new claims against existing defendants. In *Chase*, for example, the
22 court noted that any number of public entities were subject to the possibility of being later joined as
23 defendants, and it could not treat the original complaint as "commencement of an action" against any
24 and every such entity. *Chase*, 67 Cal. App. 3d at 813. On the other hand, the California Supreme
25 Court in *Addison v. State of California*, 21 Cal.3d 313, 319-21 (1978), held that equitable tolling
26 applies to the limitations period in the Tort Claims Act, noting that the defendants were on notice
27 upon the filing of a federal action against them and "had the opportunity to begin gathering their
28 evidence and preparing their defense." Because relation back requires that the new claims rest on

the same basic set of facts as the original pleading, the defendant is similarly "on notice of the need to defend against a claim in time to prepare a fair defense on the merits." *Garrison v. Board of Directors*, 36 Cal. App. 4th 1670, 1678 (1995). Thus, in light of "the policy of the law of this state which favors avoiding forfeitures and allowing good faith litigants their day in court," *Addison*, 21 Cal.3d at 320-21, this court concludes that relation back is not categorically barred from applying in Tort Claims Act cases.

Defendants also argue that relation back does not apply because plaintiff's initial complaint did not state causes of action on claims that required presentation to the Claims Board and thus there is no proper timely-filed complaint to which the first amended complaint can relate back. Under this extremely narrow formulation of the relation back doctrine, new claims could only be added when the original complaint asserted claims that were timely under the same statute of limitations. Defendants cite no authority that supports such a restrictive rule, and it seems contrary to the very purpose of relation back, which allows plaintiffs to raise new and different claims after the respective statutes of limitations have run. Courts have repeatedly stated that the test for relation back looks to the facts alleged, not to the identity of the claims or legal theories. *E.g.*, *Goldman*, 216 Cal. App. 3d at 1094 ("The 'relation back' doctrine focuses on factual similarity rather than rights or obligations arising from the facts, and permits added causes of action to relate back to the initial complaint so long as they arise factually from the same injury."); *Jaffe*, 2008 U.S. Dist. LEXIS 120561 at *15 ("The inquiry under the relation-back doctrine concentrates on whether the amended pleading is based on the same facts as the original, not the same legal theories."). Thus, the fact that plaintiff's original complaint did not assert a state law claim seems irrelevant.

The court finds that *Jaffe* is closely similar to this case. In *Jaffe*, the plaintiff filed a pro se civil rights complaint, and the court found that there was a triable issue of material fact in regards to certain claims against individual defendants. *Jaffe*, 2008 U.S. Dist. LEXIS 120561 at *3. The plaintiff was appointed counsel, and he then moved to amend his complaint to add three state law claims. *Id.* at *3-4. The court first found that equitable tolling applied to the time for the plaintiff to file a notice of claim. *See id.* at *6-13. As part of that analysis, the court noted that the plaintiff had brought his state law claims in good faith because

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—No. C-09-00976 RMW
LJP                                     4

> When Jaffe filed his original complaint he was representing himself pro se. He used a preprinted-complaint form provided to him by the SCCJ. Given his lack of legal experience, Jaffe could not have been expected to be aware of any underlying state-law claim he may have had. After being appointed counsel, Jaffe has timely moved for leave to add state-law claims to his complaint.

*Id.* at *12. The court next found that the plaintiff's state law claims related back to his original complaint because they were based on the same allegations underlying his civil rights claim. *Id.* at *14. Thus, the court granted the motion for leave to amend. *Id.* at *15.

Here, as in *Jaffe*, plaintiff's original complaint was a pre-printed form asserting violation of § 1983 and making no mention of state law claims. *See* Dkt. No. 1. Although not controlling, *Jaffe* is a counterexample to defendants' assertion that plaintiff must have pled a cause of action under the Tort Claims Act in his original complaint. The court is persuaded by the approach in *Jaffe*, *Crump*, and *Palomino* that allowed new state law claims to relate back to a complaint filed within the six month period of the Tort Claims Act. Thus, plaintiff's tort claims relate back to his original complaint and are not untimely.

### B. Pleading Compliance with the Tort Claims Act

Where a claim is governed by the Tort Claims Act, timely claim presentation is an element of the plaintiff's cause of action and must be affirmatively pled. *See Shirk v. Vista Unified School Dist.*, 42 Cal.4th 201, 209 (2007) ("Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action."); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988) (finding district court properly dismissed state law tort claims where amended complaint failed to allege compliance with California tort claim procedures). Here, plaintiff concedes that the first amended complaint does not contain a formal allegation regarding his compliance. However, plaintiff argues that the court should deem the complaint amended to include this "technical allegation" or in the alternative should modify the scheduling order and grant leave for plaintiff to add such an allegation.

Plaintiff argues that Fed. R. Civ. P. 15(b) permits the court to deem a pleading amended to conform to the evidence presented on summary judgment. However, Rule 15(b) concerns amendments during and after trial and therefore does not apply at the current stage of proceedings.

*See Crawford v. Gould*, 56 F.3d 1162, 1168-69 (9th Cir. 1995) ("The present case did not go to trial; it was decided on motions for summary judgment. Therefore, the situation which Rule 15(b) addresses simply did not arise in the present case."). The case cited by plaintiff, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 944 (9th Cir. 2011), did not rely on Rule 15(b) but rather on 28 U.S.C. § 1653, which relates specifically to amendment of "defective allegations of jurisdiction."

Notwithstanding the inapplicability of Rule 15(b), "[a]n addition of new issues during the pendency of a summary judgment motion can be treated as a motion for leave to amend the complaint." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1995); *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1022-23 (C.D. Cal. 2009). In *Grisham*, the court deemed the plaintiff's pleadings constructively amended to include her evidence regarding delayed discovery of her cause of action. *Grisham*, 670 F. Supp. 2d at 1023. The plaintiff had failed to include an allegation for tolling the statute of limitations in her complaint but introduced evidence at summary judgment that she did not learn her injuries were caused by the defendants' wrongful acts until within the limitations period. *Id.* The court held that it "w[ould] not dismiss the action because of Plaintiff's failure to formalistically conform her pleadings to her later-discovered evidence." *Id.* The court further found that the defendants had been aware of the plaintiff's delayed-discovery arguments through discovery and did not appear to have suffered any prejudice. *Id.* Rather, the court noted, "Defendants appear to seek victory on a narrow technicality." *Id.*

Similarly here, plaintiff's failure to allege the presentation and rejection of his claim appears to be a technicality that should not result in dismissal of his claims. Defendants admit that plaintiff did, in fact, submit a timely claim to the Claims Board and receive a notice of rejection. *See* Dkt. No. 64 at 3:10-22. Furthermore, it appears that defendants had notice of plaintiff's compliance with the Tort Claims Act within days of his filing an amended complaint. *See* Dkt. No. 65, Exhs. A, C (copies of plaintiff's claim form and rejection notice certified on August 26, 2011). The pleading issue remained dormant for a time, seemingly because plaintiff was unaware of the defect and defendants did not develop their summary judgment arguments and conclude that plaintiff failed to comply with the Tort Claims Act until after March 26, 2012. *See* Dkt. No. 69 (Declaration of G.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—No. C-09-00976 RMW
LJP                                                  6

1  Nguyen in Support of Defendants' Reply Brief) ¶¶ 2-3.  Now the issue has been raised and fully
2  addressed by both parties, and the question is whether good cause exists to allow plaintiff to amend
3  his complaint.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992)
4  (holding when amendment is sought after the date specified in the scheduling order, the party must
5  show good cause under Fed. R. Civ. P. 16(b)).

6        The good cause standard "primarily considers the diligence of the party seeking
7  amendment."  *Id.* at 609.  "Although the existence or degree of prejudice to the party opposing the
8  modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the
9  moving party's reasons for seeking modification."  *Id.*  On the present record, the court cannot
10 conclude that plaintiff lacked diligence in seeking this particular amendment.  The court appointed
11 counsel for plaintiff on June 3, 2011, and counsel filed an amended complaint in compliance with
12 the scheduling order on August 22, 2011.  Like the original complaint, the amended complaint
13 alleged the exhaustion of administrative remedies through the prison grievance procedure.
14 Defendants did not file a challenge to the complaint and proceeded to summary judgment, which
15 typically concerns the sufficiency of *evidence*, not the sufficiency of allegations.  Although, as
16 defendants point out, the burden was not on them to find all the problems with plaintiff's complaint,
17 the progress of the case and exchanges between the parties appears to be relevant to diligence.  *Cf.*
18 *id.* at 609 (finding plaintiff was not diligent where defendant's answer and response to
19 interrogatories "amply indicated" that plaintiff needed to join additional parties).  Once the issue was
20 raised, plaintiff acknowledged the error and asked for leave to amend.  Plaintiff's conduct justifies
21 leave to make a minor amendment that would prevent dismissal on rigid, formalistic grounds.

22       As to the secondary consideration of prejudice, defendants have not shown how they are
23 prejudiced by the amendment.  Defendants argue that discovery is closed and they have not been
24 able to conduct discovery into plaintiff's compliance with the Tort Claims Act.  However,
25 defendants do not explain what further information is needed on the issue, given the undisputed
26 evidence documenting plaintiff's compliance.  Defendants assert that they should be allowed to
27 depose plaintiff again and that the issue could affect the parties' expert reports, but the court cannot
28 discern what defendants hope to gain by such discovery.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—No. C-09-00976 RMW
LJP       7

1    Thus, because good cause exists, the court deems plaintiff's pleadings to be constructively

2 amended to include the evidence regarding plaintiff's submission of a claim to the Claims Board and

3 the subsequent rejection by the Claims Board on October 31, 2008.

4    **C.    Claims Against Officer Clemons**

5        **1.    Assault and Battery**

6    Defendants argue that Officer Clemons is entitled to summary judgment on the assault and

7 battery claims because plaintiff has failed to show that Officer Clemons participated in using

8 excessive force or directed or encouraged Officer Rafalowski to use excessive force. *See Susag v.*

9 *City of Lake Forest*, 94 Cal. App. 4th 1401, 1416 (2002) (affirming judgment where plaintiff

10 "submitted no evidence that the deputies dismissed on summary judgment directed or encouraged

11 the use of excessive force"). There is ample evidence from which to find that Officer Clemons

12 participated in restraining plaintiff while Officer Rafalowski was allegedly punching and slamming

13 plaintiff's head into the ground. Officer Clemons' alleged conduct thus went beyond mere failure to

14 prevent or stop Officer Rafalowski's alleged use of excessive force. The court is inclined to agree

15 with defendants that there is insufficient evidence to show that Officer Clemons' own use of force

16 was an unreasonable response to plaintiff's admitted attempt to kick Officer Rafalowski, especially

17 in light of the fact that plaintiff had never complained about the force used by Officer Clemons.

18 However, a jury could conclude that Officer Clemons' assistance in restraining plaintiff amounted to

19 encouraging Officer Rafalowski to continue his alleged battery. Thus, a material issue of fact

20 remains, and summary judgment is denied.

21       **2.    Intentional Infliction of Emotional Distress**

22    Defendants argue that Officer Clemons is entitled to summary judgment on the intentional

23 infliction of emotional distress claim because plaintiff has failed to show that Officer Clemons' acts

24 were "so extreme as to exceed all bounds of that usually tolerated in a civilized community,"

25 *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998). "Whether a defendant's conduct can

26 reasonably be found to be outrageous is a question of law that must initially be determined by the

27 court; if reasonable persons may differ, it is for the jury to determine whether the conduct was, in

28 fact, outrageous." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007). Here, the evidence,

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT—No. C-09-00976 RMW
LJP                                             8

viewed in the light most favorable to plaintiff, shows that Officer Clemons assisted Officer Rafalowski in restraining plaintiff, thereby enabling or facilitating Officer Rafalowski's alleged use of force. Defendants offer little support for their contention that there is insufficient evidence on this claim, other than suggesting that Officer Clemons must have directly participated in using excessive force. Contrary to that suggestion, at least one court has found that leaving a plaintiff to be victimized by another could constitute outrageous conduct. *See Carr v. Her*, 2012 WL 259457 at *11 (E.D. Cal. 2012), *adopted by* 2012 WL 968075 (E.D. Cal. 2012) ("[R]easonable minds could differ on whether a correctional officer's conduct could be viewed as 'outrageous' if the officer walked away from a black inmate laying on the ground, with eight to twelve white inmates in close proximity, in the midst of a fight between two white and two black inmates."). Here, as noted above, Officer Clemons was more than a passive bystander. The court finds that reasonable persons may differ on whether Officer Clemons' conduct was outrageous given the circumstances. Thus, summary judgment on the emotional distress claim is denied.

### III. ORDER

For the foregoing reasons, the court denies defendants' motion for summary judgment.

DATED: May 4, 2012

RONALD M. WHYTE
United States District Judge