**E-FILED on 6/25/2012**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROY A. MONTES (a.k.a. RAYMOND MONTEZELLO), <br><br> Plaintiff, <br> v. <br><br> CORRECTIONAL OFFICER P. RAFALOWSKI, et al., <br><br> Defendants. | Case No.: C 09-0976 RMW <br><br> ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM <br><br> **[Re Docket No. 72]** |

Roy A. Montes ("plaintiff") petitions the court for a Writ of Habeas Corpus Ad Testificandum, pursuant to 28 U.S.C. §§ 1651(a) & 2241(c)(5). For the reasons set forth below, the court conditionally denies plaintiff's petition, provided that defendants enable plaintiff to testify remotely by videoconference.

## I. BACKGROUND

Plaintiff Roy A. Montes is currently an inmate at Kern Valley State Prison. On May 26, 2008, while incarcerated at Pelican Bay State Prison, plaintiff attempted to kick defendant officer Rafalowski, while Rafalowski was escorting him from the shower back to his cell. Plaintiff alleges that defendant responded to this attempted kick with excessive force, repeatedly punching plaintiff in the face and slamming plaintiff's head against the concrete floor. Plaintiff filed the instant action on March 6, 2009, asserting violation of his civil rights under 42 U.S.C. § 1983. Plaintiff filed an

1

amended complaint on August 22, 2011, asserting three additional California tort claims: assault, battery, and intentional infliction of emotional distress.

Plaintiff is serving a life sentence for murder. In the six-and-a-half years since beginning his prison term in November 2005, plaintiff has incurred seven rules violations for violent interactions with other inmates and correctional officers. Plaintiff has also received various CDCR mental health services since beginning his prison term and was, at the time of the relevant incident involving defendant Rafalowski, housed in the Psychiatric Services Unit, which offered the highest level of security housing available in the CDCR system. Plaintiff is no longer in the Psychiatric Services Unit, and is currently housed with the general prison population, in a level IV security facility.

## II.   ANALYSIS

While "imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf," *Hernandez v. Whiting*, 881 F.2d 768, 770 (9th Cir. 1989), a district court has discretion to issue a writ of habeas corpus ad testificandum to secure the prisoner's presence in court so that he may testify at trial. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 f.n. 1 (9th Cir. 1983); *Greene v. Prunty*, 938 F. Supp. 637, 638 (S.D. Cal. 1996). Although plaintiff is currently incarcerated in Kern County, which is within the Eastern District of California, the court may, in its discretion, issue a writ "to produce a person incarcerated outside of the district to testify." *Greene*, 938 F. Supp. at 638. When determining whether to issue a writ of habeas corpus ad testificandum, the Ninth Circuit has directed courts to weigh the following four *Ballard* Factors: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) the security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *Wiggins*, 717 F.2d at 468 f.n. 1 (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *see also Muhammad v. Warden*, 849 F.2d 107, 113 (4th Cir. 1988) (enumerating a list of factors analogous to those in *Ballard*); *Greene*, 938 F. Supp. at 639 (explaining that a writ of habeas corpus ad testificandum is appropriate when "the probative value of

the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility").

In applying these four factors, the court notes at the outset that a stay is not appropriate in this case, given that plaintiff is currently serving a life sentence. Thus, the court turns its attention exclusively to factors one through three. When security concerns and expense become substantial enough considerations, such that they counsel against issuing a writ of habeas corpus ad testificandum, other district and circuit courts are increasingly looking to videoconferencing as a viable alternative to live testimony. *See Thornton v. Snyder*, 428 F.3d 690, 698 (7th Cir. 2005) (finding that "the district court did not abuse its discretion in conducting the trial by videoconference" when hearing the plaintiff inmate's §1983 action against corrections officials); *Twitty v. Ashcroft*, 712 F. Supp. 2d 30, 33 (D. Conn. 2009) ("the court finds that expense and security concerns outweigh the plaintiff's interest in physically appearing at trial, particularly in light of the availability of a reasonable alternative, that of having the plaintiff appear by videoconference").

In the instant action, resolution of the issue will significantly depend on individual testimony and credibility. Courts have noted the limitations of videoconferencing in similar situations. *See Edwards v. Logan*, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999) ("video conferencing . . . is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing"). Despite these shortcomings, however, videoconferencing nonetheless facilitates plaintiff's meaningful participation at trial: plaintiff is able to testify, present evidence, and look each juror in the eye. *United States v. Baker*, 45 F.3d 837, 843 (4th Cir. 1995); *see also Edwards,* 38 F. Supp. 2d at 467-68 ("with video conferencing, [plaintiff] will be virtually present at his trial and will have the ability to confront witnesses, address the jury, and participate fully"). The court also notes that it is not uncommon for testimony to be presented by videotaped depositions. Thus, even when resolution of the case hinges on the jury's ability to judge the veracity of plaintiff's testimony, considerable expense and security concerns may recommend videoconferencing over physical presence.

3

Case No.: C 09-0976 RMW
ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

In the instant case, the security risk posed by plaintiff and the expense associated with transporting plaintiff to the courthouse weigh heavily against issuing a writ of habeas corpus ad testificandum. Plaintiff is currently in a level IV security facility and has a history of violent interactions with both correctional officers and other inmates. Additionally, the Kern Valley litigation coordinator estimates that it would cost approximately $20,000 to safely transport and house plaintiff for the duration of the trial. Allowing plaintiff's participation through video conference would alleviate substantial security risks and much of the cost, without unfairly prejudicing plaintiff by denying the jury adequate opportunity to judge plaintiff's credibility.

To minimize any potential unfair advantage in favor of defendants, plaintiff and defendants must confer to discuss whether other witnesses, particularly percipient witnesses, should also appear by videoconference in lieu of making a physical appearance in court. In the event that plaintiff and defendants cannot reach an agreement, either party may file a motion with the court to request that certain other witnesses appear by videoconference.

### III. ORDER

For the foregoing reasons, the court denies plaintiff's petition for writ of habeas corpus ad testificandum, without prejudice, provided that defendants enable plaintiff to testify remotely by videoconference. Defendants' counsel is to make videoconferencing arrangements and notify plaintiff's counsel and the court with all relevant details. Defendants' counsel may contact the courtroom deputy, Jackie Garcia, 408-535-5375, or Jackson Xu, the court's IT specialist, 408-535-5384, to learn what, if any, equipment is located at the court that could assist in setting up videoconferencing. Defendants' counsel must notify the court by no later than July 11, 2012 regarding the arrangements they have made.

**IT IS SO ORDERED.**

Dated: June 25, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Case No.: C 09-0976 RMW
ORDER DENYING PLAINTIFF'S PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM