E-FILED on 7/13/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROY A. MONTES (a.k.a. RAYMOND MONTEZELLO),<br><br>       Plaintiff,<br><br>   v.<br><br>CORRECTIONAL OFFICERS P. RAFALOWSKI and J. CLEMONS,<br><br>       Defendants. | No. C-09-00976 RMW<br><br><br>COURT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS |

**INSTRUCTION NO. \_\_\_\_**

**OVERVIEW OF PLAINTIFF'S CLAIMS**

Plaintiff Roy Montes brings claims under federal and state law against defendant Correctional Officers P. Rafalowski and J. Clemons.  His federal claims are that Officers Rafalowski and Clemons violated his right to be free from cruel and unusual punishments protected by the Eighth Amendment to the United States Constitution.  His claims under state law are that the defendant Officers committed a battery upon him and intentionally caused him to suffer emotional distress. I will first instruct you on what Mr. Montes must have proven to win on his federal claims. I will then instruct you on what he must have proven to succeed on his state claims.

**INSTRUCTION NO. \_\_\_\_\_**

**CONVICTED PRISONER'S CLAIM OF EXCESSIVE FORCE**

Mr. Montes alleges that Officer Rafalowski deprived him of his rights under the Eighth Amendment to the Constitution by using excessive force against him. Under the Eighth Amendment, a convicted prisoner has the right to be free from cruel and unusual punishments. In order to have proven that Officer Rafalowski deprived Mr. Montes of this Eighth Amendment right by using excessive force against him, Mr. Montes must have proven the following are more likely true than not true:

    1.    Officer Rafalowski used excessive and unnecessary force in light of all of the circumstances;

    2.    Officer Rafalowski acted maliciously and sadistically for the purpose of causing harm; and

    3.    the acts of Officer Rafalowski caused harm to the plaintiff.

In determining whether Officer Rafalowski used excessive force in this case, consider the need to use force, the relationship between that need and the amount of force used, whether Officer Rafalowski applied the force in a good faith effort to maintain or restore discipline, any threat reasonably perceived by Officer Rafalowski, any efforts made to temper the severity of a forceful response, and the extent of any injury suffered. In considering these factors, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison.

**INSTRUCTION NO. \_\_\_\_\_**

**EIGHTH AMENDMENT CLAIM FOR FAILURE TO INTERVENE**

Mr. Montes asserts that Officer Clemons deprived him of his rights under the Eighth Amendment to the Constitution by failing to intervene in the alleged use of excessive force by Officer Rafalowski. As stated earlier, under the Eighth Amendment, a convicted prisoner has the right to be free from cruel and unusual punishments. In order to have proven that Officer Clemons deprived Mr. Montes of this Eighth Amendment right by failing to intervene in the alleged use of excessive force by Officer Rafalowski, Mr. Montes must have proven the following are more likely true than not true:

1. that Officer Clemons was aware of a specific risk of harm to Mr. Montes, had a reasonable opportunity to intervene to prevent that harm, and failed to intervene;

2. that Officer Montes acted (or failed to act) maliciously and sadistically for the purpose of causing harm; and

3. that the conduct of Officer Clemons caused harm to Mr. Montes.

**INSTRUCTION NO. \_\_\_\_\_**

**INTRODUCTION TO STATE CLAIMS**

I will now instruct you on what Mr. Montes must have proven to prevail on his state claims.

## INSTRUCTION NO. _____

## BATTERY

Mr. Montes claims that Officers Rafalowski and Clemons harmed him by using unreasonable force to restrain him or overcome his resistance in violation of state law. To establish this claim, Mr. Montes must have proven all of the following are more likely true than not true:

1. That Officers Rafalowski and Clemons intentionally touched Mr. Montes;

2. That Officers Rafalowski and Clemons used unreasonable force to restrain or overcome the resistance of Mr. Montes;

3. That Mr. Montes did not consent to the use of that force;

4. That Mr. Montes was harmed; and

5. That Officers Rafalowski and Clemon's use of unreasonable force was a substantial factor in causing Mr. Montes's harm.

In considering whether Officer Rafalowski or Officer Clemons used unreasonable force, you must determine whether the amount of force used would have appeared reasonable to a correctional officer in the officers' position under the same or similar circumstances. You should consider, among other factors, the following:

(a) The seriousness of Mr. Montes' conduct;

(b) Whether Mr. Montes reasonably appeared to pose an immediate threat to the safety of the defendant or others; and

(c) Whether Mr. Montes was actively resisting or attempting to evade the Officers.

A correctional officer who is subduing or attempting to subdue an inmate is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the inmate being subdued.

**INSTRUCTION NO. \_\_\_\_\_**

**BATTERY—PARTICIPATION, ENCOURAGEMENT, OR DIRECTION**

For purposes of Mr. Montes' claim for battery, an officer may be held liable if he either participated in the conduct that constituted a battery, or if he directed or encouraged the conduct that constituted a battery.  In other words, if you find that one of the defendant Officers participated, directed, or encouraged the conduct by the other that constituted a battery, you must find that the Officer in question is liable as if he had committed the acts constituting the battery himself.

## INSTRUCTION NO. _____

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Mr. Montes also seeks to recover damages based upon a claim of intentional infliction of emotional distress. To have established this claim, Mr. Montes must have proven all of the following:

1. That the Officer's conduct was outrageous;

2. That the Officer intended to cause Mr. Montes emotional distress or acted with reckless disregard of the probability that Mr. Montes would suffer emotional distress;

3. That Mr. Montes suffered severe emotional distress; and

4. That the Officer's conduct was a substantial factor in causing Mr. Montes severe emotional distress.

**INSTRUCTION NO. \_\_\_\_\_**

**INTENT**

For purposes of Mr. Montes' claims for battery and intentional infliction of emotional distress, the Officer should be considered to have acted intentionally if he desired to bring about the result that was achieved by his conduct or if that result was substantially certain to occur as a result of his conduct.

## INSTRUCTION NO. \_\_\_\_\_

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Montes on any of his claims, then you must determine his damages. Mr. Montes has the burden of proving that it is more likely than not that he suffered the amount of damages awarded. Damages means the amount of money that will reasonably and fairly compensate Mr. Montes for any injury you find was caused by Officer Rafalowski or Officer Clemons. You should consider the following:

> The nature and extent of the injuries he suffered;
>
> The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.