E-FILED on   11/2/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROY A. MONTES (a.k.a. RAYMOND MONTEZELLO),<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL OFFICERS P. RAFALOWSKI and J. CLEMONS,<br><br>Defendants. | No. C-09-00976 RMW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF PARTIAL JUDGMENT AND TO DISMISS THE REMAINING STATE LAW CLAIMS<br><br>**[Re Docket No. 140]** |

Defendants P. Rafalowski and J. Clemons move for entry of partial judgment under Fed. R. Civ. P. 54(b) on the claims decided by the jury and to dismiss the remaining state law claims. Plaintiff opposes the motion. Having considered the papers submitted, the court finds this matter suitable for disposition without oral argument and, for the reasons set forth below, denies defendants' motion. The motion hearing set for November 9, 2012 is hereby vacated.

**ANALYSIS**

**A.    Entry Of Partial Judgment**

Defendants seek entry of judgment in their favor on all claims against defendant Clemons and on the Eighth Amendment claim against defendant Rafalowski, after which would remain only the state law tort claims against Rafalowski. Rule 54(b) authorizes entry of final judgment as to one

or more, but fewer than all, claims or parties where the court "expressly determines that there is no just reason for delay." Entry of partial judgment under Rule 54(b) is a matter of this court's discretion and is proper where it will aid "expeditious decision" of the case. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991).

Likely because entry of partial judgment is usually the precursor to an immediate appeal, courts have looked to appellate concerns in evaluating the propriety of partial judgments. Thus, in *Morrison-Knudsen Co., Inc. v. Archer*, 655, F.2d 962, 965 (9th Cir. 1981), the Ninth Circuit stated:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

Although the case has since been criticized as expressing "an outdated and overly restrictive view of the appropriateness of Rule 54(b) certification," *Texaco*, 939 F.2d at 798, courts continue to use separability of legal and factual issues as a test. Thus, courts have upheld partial judgment in cases where the issues were "sufficiently severable factually and legally from the remaining matters" even if the judgment eliminated none of the parties. *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987); *see also Texaco*, 939 F.2d at 798 ("Although the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation. Furthermore, [the district court's] rulings separated the legal from the factual questions."). On the other hand, the Ninth Circuit has expressed doubt that a partial judgment should issue where claims are based on the same alleged violations and on the same underlying facts:

> The closely intertwined nature of these claims dictates that as a practical matter, any further proceedings in this action or a related future action against either of these defendants, whether in our court or the district court, would require close monitoring and likely legal involvement by all three parties to this appeal. The concerns we raised in *Cheng* about piecemeal appellate review requiring multiple panels to familiarize themselves with the same case, *see* 878 F.2d at 310, thus apply with

greater force . . . because of the parallels between Plaintiffs' claims against IEEC and the air district.

*Romoland School Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 749-50 (9th Cir. 2008).

This case is not as complex as the cases in the precedents the parties have cited. Nor does appeal seem to be the primary concern. Rather, defendants advance three reasons for entry of partial judgment: (1) it could facilitate settlement because defendants will move for costs, helping plaintiff value the case more accurately; (2) defendants seek finality, particularly as to Clemons; and (3) if the court also dismisses the state law claims, that will completely resolve the proceedings before this court. While each of those reasons provides some amount of justification, the court finds that entry of partial judgment will not have any substantial effect on advancing the case. As to the first reason, defendants have pointed out that the issues of who is a prevailing party and allowable costs cannot be resolved until the remaining claims are tried—perhaps itself an indication of how intertwined the claims are. Moreover, the court does not believe that entry of partial judgment will allow plaintiff to acquire any information that defendants could not already provide, particularly given the protections of Fed. R. Evid. 408. In addition, as discussed below, the court is not inclined to dismiss the state law claims. While the court is sympathetic to Officer Clemons' desire for finality, there is no suggestion that entry of judgment would have any practical effect for him, and peripheral issues like costs would remain pending. Thus, the motion for entry of partial judgment is denied.

### B.  Dismissal Of The State Law Claims

The parties agree that it is within the court's discretion to either retain supplemental jurisdiction or dismiss plaintiff's state law claims against Officer Rafalowski now that the federal claim has been resolved. The court's decision is informed by considerations of "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Defendants invoke the oft-cited rule that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (modification in original). However, the court is not persuaded that a rule

for the "usual case" is particularly helpful in this situation, where the federal claims have been resolved before a *re*trial, but all of the claims have already been tried once before this court. *Cf. Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (holding where the district court "has not only spent considerable time dealing with the legal issues and becoming fully conversant with the facts but *also* has conducted a trial on the merits . . . it would have stood judicial economy on its head not to proceed with the state claims after our remand" (citations and internal quotation marks omitted)). Although defendants argue that the court's "time investment in these claims did not cross any point-of-no-return that requires it to rehear these claims," Dkt. No. 143 at 1:14-23, considerations of judicial economy nonetheless weigh in favor of retaining jurisdiction. Having already tried the case once, this court is familiar with the evidentiary and legal issues and is thus better-equipped to conduct a second trial of the state law claims, particularly since the state law claims rest on the same facts as the federal claim. *See Munger v. City of Glasgow Police Dept.*, 227 F.3d 1082, 1088 n.4 (9th Cir. 2000) ("Since the remaining negligence claims . . . were based on the same factual allegations as the federal claims, and since the district court was fully familiar with the record, it was not abuse of discretion to decline to dismiss the state law claims."). In contrast, were the claims dismissed and refiled in state court, the state court would have to familiarize itself with the case as well as the procedural history before this court—an unnecessary, duplicative effort. In addition, retrying the case before this court ensures a greater degree of consistency between the first and second trials, which is in the interest of fairness.

      Defendants argue that considerations of comity weigh heavily in favor of dismissal because California courts are more familiar with battery and intentional infliction of emotional distress claims and have a strong interest in developing case law with regards to such claims brought against state employees. But defendants have not argued that this case presents any novel or complex issue of state law, and the court's jury instructions in the first trial were closely based on state model jury instructions. Thus, while state courts may have some amount of interest in developing the law on the facts in this case, the court finds that consideration far secondary to the inefficiency of dismissing the claims.

Finally, defendants argue that convenience considerations also weigh in favor of dismissal because defendants' and witnesses' convenience would be served by trial in a state court closer to their residences. However, while the court recognizes the burden on witnesses who must travel to testify, the court also finds it is speculative to believe that a trial in state court would be conducted in a more convenient location. This case also presents the possibility of witnesses testifying by videoconference, as plaintiff did in the first trial. Thus, on balancing all of the factors, the court finds that the state law claims should not be dismissed.

**ORDER**

For the foregoing reasons, the court denies defendants' motion for entry of partial judgment and to dismiss the remaining state law claims. The November 9, 2012 hearing is hereby vacated.

DATED:   November 2, 2012

RONALD M. WHYTE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF PARTIAL JUDGMENT AND TO DISMISS THE REMAINING STATE LAW CLAIMS—No. C-09-00976 RMW
LJP                                                                 5